IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANNY MANZANARES,

        Plaintiffs,

v.                              No. _____
                                       **(JURY IS REQUESTED)**

**CITY OF ALBUQUERQUE,**
**a Municipal Entity Organized Under**
**the Laws of the State of New Mexico**
**and its subsidiary the Albuquerque**
**Police Department,**

**JOHN DOE, an Officer of the**
**Albuquerque Police Department,**
**Individually,**

        Defendants.

### COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND PENDENT STATE TORT CLAIMS

      Plaintiff, Danny Manzanares, by and through his attorney, Dennis W. Montoya, Montoya Law, Inc., bring the instant complaint for violation of his civil rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, and for torts under the New Mexico Tort Claims Act, and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 42 U.S.C. §§ 1983 and 1988, and 28 U.S.C. § 1343, with pendent jurisdiction over the state law claims, pursuant to 28 U.S.C. § 1391.

2. Venue is proper in this district, pursuant to 28 U.S.C. § 1357, as parties are all residents or entities of New Mexico and all of the acts complained of occurred in New Mexico. Plaintiffs' causes of action arose in New Mexico.

## PARTIES

3. Plaintiff Manzanares is a resident and citizen of the state of New Mexico.

4. Plaintiff is of Hispanic ethnicity.

5. Defendant John Doe is an Officer of the Albuquerque Police Department.

6. Defendant Doe is an Anglo.

7. Defendant, at all relevant times herein, was a law enforcement officer employed by the Albuquerque Police Department, a governmental agency operated by Defendant City of Albuquerque.

8. At all times material to this complaint, Defendant Doe was acting within the scope and course of his employment and under color of state law.

9. Defendant City of Albuquerque is a governmental (municipal) entity created pursuant to NMSA 1978, § 3-2-1 *et seq*.

10. Albuquerque Police Department is a subsidiary agency of the City of Albuquerque.

11. Defendant City of Albuquerque is sued under 42 U.S.C. § 1983 for damages under a theory of municipal liability for failure to adequately train supervise Defendant Doe and for its customs, policies, and/or practices.

12. Defendant City of Albuquerque is sued under the New Mexico Tort Claims Act base upon both the theory of municipal liability and *respondeat superior*.

## FACTUAL BACKGROUND

13. This is a civil action for monetary damages, arising from the fact that Defendant Doe illegally arrested, handcuffed, and detained Plaintiff for six (6) hours or more.

14. Plaintiff's federal constitutional claims arise under 42 U.S.C. § 1983, and under the Fourteenth and Fourth Amendments to the United States Constitution.

15. The Fourth Amendment to the United States Constitution reads as follows:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

16. Specifically, on or about March 13, 2002 at approximately 4:00 a.m., Defendant Doe arrived at Plaintiff's home, looking for Plaintiff's friend.

17. Defendant Doe accused Plaintiff's friend of sexually assaulting a woman that Plaintiff's friend had been with earlier. Defendant demanded that Plaintiff take him to his friend's home immediately. Although, Plaintiff had been in the company of his friend, the alleged victim, and another woman at various times during the preceding evening, the sexual assault was alleged to have taken place when Plaintiff's friend and the woman were alone at Plaintiff's friend's residence.

18. Only a few minutes earlier, a friend or cousin of the alleged victim had been at Plaintiff's home, brandishing a firearm and threatening to kill Plaintiff's friend. The woman's friend claimed that this was the "third time" that she had been raped and stated that he was going to take care of the problem, or words to similar effect.

19. Upon Defendant's arrival Plaintiff was still shaken up by this incident

and was scared for his friend. During his "questioning" of Plaintiff, Defendant Doe behaved in a violent, aggressive, and threatening manner and this further contributed to Plaintiff's fear for his friend's safety. Defendant was shouting, cursing, and threatening Plaintiff throughout the events described herein.

20. Plaintiff did not reveal the location of his friend's house. Defendant Doe stated that he was calling for the investigators. Plaintiff asked Defendant Doe and his accomplice to wait outside for the investigators.

21. Defendant Doe erupted in a fit of rage. He threatened Plaintiff again and handcuffed Plaintiff. His decision to handcuff and, thereby, detain Plaintiff was made without any suspicion that Plaintiff had committed a crime or was a danger to anyone. Instead, Defendant handcuffed Plaintiff in order to punish him for attempting to exercise his Fourth Amendment rights. Defendant subsequently removed the handcuffs.

22. Upon information and belief, one of the investigators called to the scene was Albuquerque Police Department Detective Monty Curtis.

23. When the investigators arrived, Plaintiff agreed to ride with the police to show them where his friend lived. The police agreed to return him immediately after he identified his friend's residence. Plaintiff was placed in the back of a police car. Although he was informed that he was "not under arrest," Plaintiff was

handcuffed a second time. Once again, Plaintiff was detained, in the back of a police car and in handcuffs, without any suspicion that he had committed any crime whatsoever. Defendant Doe and the other Albuquerque Police Department Officers acted with the full knowledge that their behavior was illegal.

24. When the police arrived at Plaintiff's friend's house they did not release Plaintiff. Instead, the police, including Defendant Doe, left Plaintiff in the backseat of the police cruiser. The Albuquerque Police Department officers, including Defendant Doe, had the volume of the radio up and the heater was blowing full blast.

25. Plaintiff remained handcuffed and in the police cruiser for six (6) hours or more. The heat caused him to become sick twice. The loud music was painful. Plaintiff was never charged with any crime.

26. When the police finally awoke Plaintiff's friend, they drug him from his house and beat him. Plaintiff could only sit, handcuffed in the back of the police car and watch as Defendant Doe attacked his friend.

27. Defendant Doe and his Albuquerque Police Department accomplices finally returned Plaintiff to his home, threatening to arrest him on the drive home.

28. No charges were pressed against Plaintiff **or** his friend. Upon information and belief, the basis for the entire incident, to wit; the woman's claim

that she had been sexually assaulted was a complete fabrication and lacked any reasonable indicia of reliability.

29. At no time did Defendant Doe ever have reasonable suspicion, probable cause, or any articulable justification for detaining Plaintiff.

30. Upon information and belief, no disciplinary steps were taken against Defendant Doe as a result of either his unlawful detention of Plaintiff or the battery that Defendant committed against Plaintiff's friend.

## COUNT I: UNLAWFUL ARREST / DETENTION IN VIOLATION OF THE FOURTH AMENDMENT

31. Each and every foregoing allegation is herein incorporated by reference as if fully set forth.

32. Defendant's actions during his prolonged warrantless, unjustified, and unreasonable arrest and detention of Plaintiff were such that, as a reasonable person, Plaintiff did not believe that he was free to leave.

33. Defendant's actions were wonton, malicious, intentional, and grossly indifferent to the rights of Plaintiff.

34. Upon information and belief, Defendant's actions were also motivated by racial animosity.

35. Defendant's actions constituted unreasonable arrest and detention of Plaintiff, in violation of his Fourth Amendment rights.

## COUNT II: FALSE IMPRISONMENT
## IN VIOLATION OF THE FOURTH AMENDMENT

36. Each and every foregoing allegation is herein incorporated by reference as if fully set forth.

37. Defendant's actions during his prolonged warrantless, unjustified, and unreasonable arrest and detention of Plaintiff were such that, as a reasonable person, Plaintiff did not believe that he was free to leave.

38. Defendant's actions were wonton, malicious, intentional, and grossly indifferent to the rights of Plaintiff.

39. Upon information and belief, Defendant's actions were also motivated by racial animosity.

40. Defendant's actions constituted false imprisonment of Plaintiff, in violation of his Fourth Amendment rights.

## COUNT III: TORT OF FALSE IMPRISONMENT

41. Each and every foregoing allegation is herein incorporated by reference as if fully set forth.

42. During his prolonged warrantless, unjustified detention Plaintiff, Defendant intentionally confined and/or restrained Plaintiff without Plaintiff's consent and with knowledge that he had no lawful authority to so detain Plaintiff.

43. Plaintiff was not free to leave and Defendant's actions were such that

Plaintiff reasonably believed that he was not free to leave. Plaintiff was therefore falsely imprisoned by Defendant.

44. Defendant's actions were wonton, malicious, intentional, and grossly indifferent to the rights of Plaintiff.

45. Upon information and belief, Defendant's actions were also motivated by racial animosity.

46. Defendant's actions constituted the tort of false imprisonment.

## COUNT IV: TORT OF FALSE ARREST

47. Each and every foregoing allegation is herein incorporated by reference as if fully set forth.

48. During his prolonged warrantless, unjustified detention Plaintiff, Defendant intentionally confined and/or restrained Plaintiff without Plaintiff's consent and with knowledge that he had no lawful authority to so detain Plaintiff.

49. Plaintiff was not free to leave and Defendant's actions were such that Plaintiff reasonably believed that he was not free to leave. Plaintiff was therefore falsely imprisoned by Defendant.

50. Defendant's actions were wonton, malicious, intentional, and grossly indifferent to the rights of Plaintiff.

51. Upon information and belief, Defendant's actions were also motivated

by racial animosity.

52. Defendant's actions constituted the tort of false arrest.

## COUNT V: MUNICIPAL LIABILITY: CITY OF ALBUQUERQUE (CUSTOM AND POLICY)

53. Each and every foregoing allegation is herein incorporated by reference as if fully set forth.

54. The acts and omissions in violation of Plaintiff's rights on the part of Defendant Doe were perpetrated pursuant to the custom and policy of the City of Albuquerque.

55. The City of Albuquerque either maintains an official policy of permitting its officers to illegally arrest and detain people who are not accused or suspected of any criminal activity or, in the alternative, maintains a *de facto* policy of ignoring such actions by Defendant and other Albuquerque Police Department officers.

56. The City of Albuquerque's knowledge of Defendant Doe's illegal detention of Plaintiff as well as the illegal detentions perpetrated by other Albuquerque Police Department can be inferred by the obviousness of the facts. Simply put, with numerous police employees on the scene of this and other similar incidents, it is not possible for Defendant and others to have acted without the knowledge and permission of the City.

57. The City of Albuquerque was deliberately indifferent to the rights of Plaintiff and other citizens of Albuquerque.

58. The City's policies, procedures, and/or customs, either official or *de facto*, were a moving force behind Defendant's illegal acts.

## COUNT VI: MUNICIPAL LIABILITY: CITY OF ALBUQUERQUE (FAILURE TO TRAIN AND SUPERVISE)

59. Each and every foregoing allegation is herein incorporated by reference as if fully set forth.

60. The acts and omissions in violation of Plaintiff's rights on the part of Defendant Doe were perpetrated pursuant to the custom and policy of the City of Albuquerque.

61. The City of Albuquerque failed to train Defendant and/or supervise Defendant regarding the circumstances under which he could lawfully arrest, detain, and/or imprison citizens.

62. The City of Albuquerque's failure to train and/or supervise Defendant Doe regarding his illegal detention of Plaintiff and others, as well as the illegal detentions perpetrated by other Albuquerque Police Department, can be inferred by the obviousness of the facts.

63. The City of Albuquerque was deliberately indifferent to the rights of Plaintiff and other citizens of Albuquerque.

64.   The City's failure to train and supervise Defendant Doe was a moving force behind Defendant's illegal acts.

## COUNT VII:  PUNITIVE DAMAGES

65.   Each and every foregoing allegation is herein incorporated by reference as if fully set forth.

66.   The acts and omissions of Defendant Doe herein were willful, wanton, intentional, malicious, and committed with the intent to cause harm, and said acts and omissions did in fact cause harm to Plaintiff.

67.   The acts and omissions perpetrated against Plaintiff by Defendant Doe were motivated, in whole or in part, by illegal and prohibited invidious discrimination by virtue of the Plaintiff's Hispanic ethnicity.

68.   The award of punitive damages as against Defendant Doe is justified and necessary in order to dissuade Defendant Doe and others from behaving in the same or similar fashion in the future.

69.   No punitive damages are requested or sought against any municipalities or against Defendant Doe in any of his official capacities.

**WHEREFORE**, Plaintiff prays that the Court accept his complaint and order appropriate preliminary hearings on all issues susceptible to such hearings. Plaintiff further prays that the Court, after all preliminary matters are resolved and

full discovery has been had, order trial by jury of the case on its merits. Plaintiff further prays that following trial, this Court award nominal damages and compensatory damages against all Defendants and award punitive damages against Defendant Doe. Finally, Plaintiff prays that this Court award him the costs of this action and reasonable attorney's fees, and such other and further relief as may be deemed just and equitable under the circumstances as described above.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a trial by jury as to all counts so triable.

Respectfully submitted,

**MONTOYA LAW, INC**.

By: *Dennis W. Montoya*
Dennis W. Montoya
Attorney for Plaintiff
P.O. Box 15235
Rio Rancho, NM 87174-0235
(505) 246-8499
(505) 246-8599 (facsimile)